IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN BROADFIELD, | ) | |
| # 18618-026, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:22-CV-140-G-BH |
| | ) | |
| WARDEN CHRISTOPHER RIVERS, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on January 21, 2022 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

### I.     BACKGROUND

Brian Broadfield (Petitioner), a former federal prisoner incarcerated at the Federal Correctional Institution (FCI) in Seagoville, Texas, was convicted of one count of conspiracy to manufacture methamphetamine, in the United States District Court for the Central District of Illinois. *See United States v. Broadfield*, No. 1:13-CR-10055-MMM-JEH-1 (C.D. Ill. Mar. 14, 2016), doc. 195. By amended judgment dated May 5, 2017, his original sentence of 208 months' imprisonment was reduced to 156 months' imprisonment, to be followed by an eight-year term of supervised release. *See id.*, docs. 195, 219. A second amended judgment dated November 28, 2023, removed one of the conditions of his supervised release. *See id.*, doc. 313.

On January 21, 2022, while incarcerated at FCI Seagoville, Petitioner filed this petition under 28 U.S.C. § 2241 challenging a 2021 Bureau of Prisons (BOP) disciplinary proceeding that

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for full case management.

occurred while he was incarcerated at FCI Oakdale, in Oakdale, Louisiana. (*See* doc. 3 at 2.) He asserts the following grounds for relief:

> (1) "Violation of Due Process" F.C.I Oakdale Failed to evaluate me Pursuant to policy for a compentency [sic] and responsibility evaluation, in so [sic] mental health staff Dr. Powers faslified [sic] documents pruporting [sic] she interviewed me, behaviorally observed [sic] me regarding incident Report NO. 3465708;
>
> (2) "Violation of Due Process" by failing to deliver the Incident report within 24 Hours "sections 1-22 have not been recieved [sic];
>
> (3) "Violation of Due Process" Failing to give written notice of charges within 24 hrs of D.H.O Hearing;
>
> (4) "violation [sic] of Due Process" for not being allowed to review documentary evidence;
>
> (5) "Violation of Due Process" Finding of guilt was not based on facts or evidence; and
>
> (6) "Violation of Due Process" failing to investigate facts and evidence.

(*Id.* at 6-9.) He asks the Court to "[r]everse the finding of quilt [sic] and expundge [sic] the disciplinary report from my record and restore the Good conduct credit of 27 days[.]" (*Id.* at 8.) The respondent filed a response on February 23, 2022. (*See* docs. 9-10.) Petitioner filed a reply on March 17, 2022. (*See* doc. 11.) No later than November 21, 2023, Petitioner was released from BOP custody to begin his term of supervised release. *See* Minute Entry, *Broadfield*, No. 1:13-CR-10055-MMM-JEH-1 (C.D. Ill. Nov. 21, 2023); https://www.bop.gov/inmateloc/ (search by Petitioner's name or prisoner identification number) (last visited Dec. 4, 2023).

## II.     JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer

'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

Here, Petitioner's challenge to the constitutional validity of his BOP disciplinary proceeding, and the resulting deprivation of 27 days of good conduct time, was pending at the time that he was released from BOP custody. A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody," however. *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)). The possibility that a district court may shorten a period of supervised release under 18 U.S.C. § 3583(e)(2) "if it determines that [the defendant] has served excess prison time" can keep a § 2241 petition from being rendered moot. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); *see also Greene v. Underwood*, 939 F.3d 628, 628 (5th Cir. 2019). Because Petitioner's eight-year term of supervised release following the completion of his federal sentence could be shortened if he served excess prison time, his release from custody alone does not render his § 2241 petition moot.

A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Salgado*, 220 F. App'x at 257 (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). Under § 3583(e), only the sentencing court may make the determination of whether a petitioner served excess time. *See Lawson v. Berkebile*, 308 F. App'x 750, 752 (5th Cir.

3

2009) (citing 18 U.S.C. §§ 3583(e)(2), 3605). Petitioner was sentenced in the Central District of Illinois, and there is no indication from the docket that jurisdiction has been transferred elsewhere. This Court therefore lacks jurisdiction to determine whether Petitioner has served excess prison time, and because it cannot grant him the relief he seeks, his § 2241 petition has been rendered moot. *See, e.g.*, *Watkins v. Vasquez*, 451 F. App'x 429, at *1-2 (5th Cir. 2011) (affirming dismissal of § 2241 petition as moot where the petitioner had been released from prison while challenge to the validity of a prison disciplinary proceeding was pending and where district court lacked jurisdiction to determine whether he served excess prison time warranting a reduction of his term of supervised release); *Richardson v. Underwood*, No. 3:19-CV-338-C-BH, 2020 WL 1526912, at *2 (N.D. Tex. Mar. 30, 2020) (citing cases), *rec. adopted*, 2020 WL 1987270 (N.D. Tex. Apr. 27, 2020). Accordingly, the § 2241 petition should be dismissed for lack of jurisdiction.

### III.    RECOMMENDATION

The *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on January 21, 2022 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 5th day of December, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE